IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3110 |
| vs. | ORDER |
| BRANDON LEE BARKER, | |
| Defendant. | |

The government has, at the behest of the U.S. Marshal, filed a motion (filing 87) asking the Court to amend the defendant's sentence to permit him to self-surrender. That motion will be denied.

The defendant was sentenced on November 8, 2021, to a term of 40 months' imprisonment, and was committed to the custody of the Bureau of Prisons and remanded to the custody of the United States Marshal. Filing 74. A formal judgment to that effect has been entered. Filing 79. And that means that the defendant has already begun serving his sentence. 18 U.S.C. § 3585(a). He's now in the custody of the Bureau of Prisons, and it's up to the Bureau of Prisons to determine where and how he's kept. *See* 18 U.S.C. § 3621(a)-(b).

This is, in other words, a done deal, at least as far as this Court is concerned. The government has directed the Court to no authority permitting it to take back a sentence the defendant has already begun serving and permit him to resume serving it later. The government suggests such authority might be found "possibly" pursuant to Fed. R. Crim. P. 35(a) or 36, *see* filing 87, but those rules quite specifically permit the Court to correct particular kinds of error: specifically, "arithmetical, technical, or other clear error," Rule 35(a), or "clerical error" or "an error in the record arising from oversight or omission,"

Rule 36. Here, not only is that sort of narrowly defined error not to be found, but there's no error at all. The Court found, considering the nature of the case and characteristics of the defendant, that he didn't qualify for self-surrender pursuant to 18 U.S.C. §§ 3142 & 3143, and there was no error in that finding.

But the defendant is in the custody of the Bureau of Prisons, which means that *the defendant is in the custody of the Bureau of Prisons*. The government's motion represents that "[b]ecause he is currently being held in custody, the Marshals are required to guard the defendant." Filing 87. Perhaps so, but that requirement hasn't been imposed by the Court, and the Court has no authority to lift it. The U.S. Attorney, the Marshals Service, and the Bureau of Prisons are all part of the Justice Department, and because the defendant is already in custody and serving his sentence, it's up to the Justice Department to decide whether he's under guard: the Justice Department doesn't need the Court's direction or permission to set the conditions of his confinement. *See* § 3621(b).[1] Accordingly,

IT IS ORDERED that the government's motion to amend sentence (filing 87) is denied.

Dated this 20th day of November, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] Without attempting to tell the Justice Department how to handle its business, the Court notes that 18 U.S.C. § 3622(a)(3) permits the Bureau of Prisons to release a prisoner from custody for a limited period, if he's trustworthy, for purposes of obtaining medical treatment.